IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Michael Moore, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | Civil Action No. 9:18-cv-1050-TLW |
| v. | ) | |
| | ) | |
| Warden F.C.I. Edgefield, | ) | **ORDER** |
| | ) | |
| Respondent. | ) | |

Petitioner Michael Moore brought this action, *pro se*, challenging his convictions and sentence pursuant to 28 U.S.C. § 2241. ECF No. 1. This matter now comes before the Court for review of the Report and Recommendation filed on June 7, 2018 by United States Magistrate Judge Bristow Marchant, to whom this case was previously assigned pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2), (D.S.C.). ECF No. 6. The Report recommends that this case be dismissed without prejudice and without requiring Respondent to file a return. *Id.* Petitioner filed objections to the Report, and this case is now ripe for disposition. ECF No. 9.

The Court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's Report and Recommendation to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. In conducting its review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections …. The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report

thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in *Wallace*, the Court has reviewed, *de novo*, the Report, the applicable law, the Objections, and all other relevant filing. For the reasons articulated by the Magistrate Judge, it is hereby **ORDERED** that Petitioner's objections, ECF No. 9 are **OVERRULED**, and the Magistrate Judge's Report, ECF No. 6, is **ACCEPTED**. The Petition, ECF No. 1, is hereby **DISMISSED** without prejudice and without requiring Respondent to file a return. *See* ECF No. 6; *see also Beckles v. United States*, 137 S. Ct. 886, 895 (2017) ("[T]he advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause and that § 4B1.2(a)'s residual clause is not void for vagueness.").

**IT IS SO ORDERED.** [1]

                                         *s/Terry L. Wooten*
                                       Chief United States District Judge

February 5, 2019
Columbia, South Carolina

---

[1] Unlike in a § 2254 or § 2255 proceeding, it is not necessary for a petitioner to obtain a certificate of appealability to appeal an order dismissing a § 2241 petition. *Sanders v. O'Brien*, 376 F. App'x 306, 307 (4th Cir. 2010).